JEFFREY A. COHEN, SBN 186420
LAW OFFICE OF JEFFREY A. COHEN
15338 Central Avenue
Chino CA 91710
Telephone: (310) 650-6015
Email: jac@cohen-lawfirm.com

Attorney for Plaintiff

MICHAEL R. MATTHIAS, SBN 57728
JOELLE A. BERLE, SBN 252532
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: mmatthias@bakerlaw.com
jberle@bakerlaw.com

MICHAEL S. VITALE
(Admitted Pro Hac Vice)
BAKER & HOSTETLER LLP
2300 SunTrust Center
200 South Orange Avenue
P.O. Box 112
Orlando, FL 32802-0112
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: mvitale@bakerlaw.com

Attorneys for Defendants
AVENTUS OUTREACH, LLC; OLIVER
DAWOUD; AVENTUS BIO LABS,
INC., and AVENTUS HEALTH, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOCHER ENTERPRISES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AVENTUS OUTREACH, LLC; OLIVER DAWOUD; AVENTUS BIO LABS, INC., and AVENTUS HEALTH, LLC<br><br>Defendants. | Case No.: 2:18-cv-3897 RSWL (JEMx)<br><br>**STIPULATED PROTECTIVE ORDER** |

3205-001.101

# STIPULATION AND PROTECTIVE ORDER

It is hereby stipulated by and between Plaintiff, NOCHER ENTERPRISES, INC. ("Plaintiff") and Defendants, AVENTUS OUTREACH, LLC; OLIVER DAWOUD; AVENTUS BIO LABS, INC., and AVENTUS HEALTH, LLC (collectively the "Defendants"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to limitations on disclosure due to federal laws, state laws, and privacy rights concerning the disclosure of confidential medical information and/or business, proprietary and/or trade secret information, which may be protected from disclosures by privileges such as trade secret protections, and/or which may be protected from disclosure on the grounds that the documents or information constitute confidential financial or other proprietary information, the parties stipulate as follows:

## DEFINITIONS

1. Party: "Party" means any Plaintiff, Defendant, counter-claimant or counter-Defendant in this action, including their parent, subsidiary, or affiliated entities, and their respective agents, officers, directors and employees.

2. Counsel: "Counsel" means:

   a. Law Office of Jeffrey A. Cohen, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

   b. BAKER & HOSTETLER LLP and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action; and

3. Discovery Material: "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are

4829-5552-9593.1

produced or generated in response to discovery directed towards a party or non-party in this matter.

4. <u>Designating Party</u>: "Designating Party" means a Party or non-party that designates materials or disclosures produced or utilized in this litigation by any Party or any third party (pursuant to subpoena or otherwise), as Confidential Material.

5. <u>Receiving Party</u>: "Receiving Party" means a Party to this action and all employees, agents and directors (other than Counsel) of the Party, who receives Discovery Material.

6. <u>Producing Party</u>: "Producing Party" means a Party or non-party that produces or discloses Discovery Material in this action.

7. <u>Confidential Material</u>: "Confidential Material" means the following: (1) material which has not been made public and includes identifiable information about patients which is subject to the protection of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or other similar statutory or regulatory privacy protections; (2) material which has not been made public and which contains confidential and proprietary information or trade secrets of the parties, the release of which the designating party reasonably believes in good faith would harm its business; (3) material which has not been made public and which is protected from disclosure by federal or state constitutional, statutory and common law, including, but not limited to, rights of privacy of the parties to this stipulation and of third parties; and/or (4) material with other similar statutory or regulatory privacy protections, or information which concerns or relates to the Parties' business practices and falls within Federal Rule of Civil Procedure 26(c)(1)(G).

8. <u>Protected Material</u>: "Protected Material" means any Discovery Material, and any document embodying or disclosing the contents of such Discovery Material that is designated as "Confidential" in accordance with the terms of this Protective Order.

4829-5552-9593.1

# DESIGNATION OF DISCOVERY MATERIAL AS CONFIDENTIAL

9. Criteria for Classification

Any party or non-party who produces Discovery Material in this action may designate such material as "Confidential" in accordance with the provisions of this Protective Order so long as they believe in good faith that the information so designated meets the definition of "Confidential Material" set forth in this Protective Order.

10. Time of Designation

Unless otherwise agreed between counsel for the parties, or as otherwise specified herein, the designation of Discovery Material as "Confidential" shall be made at the following times:

   a. For documents or things at the time of the production of the documents or things;

   b. For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of the service or filing, whichever occurs first;

   c. For testimony, at the time such testimony is given by a statement designating the testimony as "Confidential" made on the record or within 10 days after receipt of the transcript of the deposition as set forth herein.

If Discovery Material is designated as Confidential after the production of documents, each party maintaining custody of such documents shall protect their confidentiality notwithstanding the fact that they have not been marked "Confidential."

11. Manner Of Designation

The designation of Discovery Material as "Confidential" shall be made in the following manner:

   a. For documents, by placing the notation "Confidential" or similar legend on each page of such document;

4
STIPULATED PROTECTIVE ORDER

4829-5552-9593.1

        b.     For tangible things, by placing the notation "Confidential" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

        c.     For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents containing Confidential Material, by placing the notation "Confidential" both on the face of such document and on any particular designated pages of such document; and

        d.     For testimony, by orally designating such testimony as being "Confidential" at the time the testimony is given. Alternatively, if a question asked at a pretrial deposition calls for an answer containing "Confidential Material", or if the question contains "Confidential Material," counsel for the party seeking confidential treatment of that information shall within 10 days after receipt of the transcript of the deposition notify all other counsel on the record or in writing that the information provided in such answer or question is considered Confidential Material and designate the specific portions or the entirety of the transcript of such deposition, which shall thereafter be subject to the provisions of this Order. Prior to the expiration of this 10 day period deposition transcripts will be considered conditionally confidential and will be treated as Confidential Material. Thereafter, the original and all copies of the "Confidential" portions of the transcript of any such testimony shall be separately bound and marked by the Court Reporter with an appropriate legend and shall be disclosed only in accordance with the provisions of this Protective Order.

    12.     <u>Resolution of Disputes Regarding Designation</u>

        a.     The acceptance by a party of Discovery Material marked as "Confidential" shall not constitute an admission or concession or permit an inference that such designation is appropriate. However, Discovery Material marked as Confidential shall be treated as designated unless the receiving party follows the following procedures to remove, change or otherwise declassify the designation:

b. If a Receiving Party at any time wishes to have the "Confidential" designation of any particular Discovery Material removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason(s) therefor. Within ten (10) business days of the receipt of such request, counsel for the party seeking confidential treatment shall respond in writing to any such notification by either (1) withdrawing such designation, or (2) stating that it refuses to do so and the reason(s) for its refusal. Within ten (10) days following such response, the parties will meet and confer on whether the material designated as Confidential should be considered Confidential. If the party or non-party designating the Discovery Material as Confidential refuses to agree to remove or change the designation, then the party requesting the designation may move the Court within ten (10) business days for an order designating the material as "Confidential;" provided, however, that the designating party shall have the burden of proving that such particular Discovery Material is properly designated as "Confidential." If the party seeking confidentiality seeks Court approval within ten (10) business days of giving notice that it considers the meet and confer process to have failed and sets the hearing to obtain Court approval no more than 24 days (or if that is not possible due to the Court's calendar, the soonest hearing date made available by the Court) after filing and service of such motion, the parties shall treat the Discovery Material as originally designated until the motion is decided by the Court.

13. <u>Inadvertent Disclosure</u>

a. Confidential Material not designated as "Confidential" and produced through mistake or inadvertence shall nevertheless be deemed "Confidential" upon notice of such mistake or inadvertent production.

b. Where a Producing Party has inadvertently produced a document that the Producing Party later claims should not have been produced because of privilege, the Producing Party may request the return of any such document by

making a written request within 15 days of discovering that it was inadvertently produced. A request for the return of any document shall identify the document by Bates number and the basis for asserting the document (or portions thereof) is privileged and the date of discovery of the inadvertent production. If a Producing Party requests the return of any such document from another party, the party to whom the request is made shall within 10 days return to the Producing Party all copies of the document within its possession, custody, or control (including but not limited to all copies in possession of any experts or consultants) or shall contest the claim of privilege or inadvertent production. In the event the Receiving Party contests the claim of privilege or inadvertent production, the Receiving Party may file and serve a motion or other application acceptable by the Court within 10 days after receiving the receiving parties' statement contesting the Producing Party's claim of privilege or inadvertent disclosure to obtain a judicial determination that the document is not privileged and shall set the hearing date on such motion for hearing no more than 24 days (or if that is not possible due to the Court's calendar, the soonest hearing date made available by the Court) after filing and service of such motion. Until such a judicial determination is made, the alleged privileged document shall be afforded privileged status.

## DISCLOSURE OF PROTECTED MATERIAL

14. Disclosure to Qualified Persons

Protected Material may be disclosed and copies may be provided by the Receiving Party only to the following "qualified persons":

    a. The receiving party's counsel, both in-house and outside counsel (including the paralegal, clerical, and secretarial staff employed by such counsel) in this matter;

    b. Party representatives or employees whose assistance is required by counsel for the purposes of this litigation, including but not limited to, an officer,

7
STIPULATED PROTECTIVE ORDER

director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    c.    Any non-party support services including, but not limited to, outside copying services, document imaging and database services, graphics and design services, jury and trial consulting services (including mock jurors), court reporters and any other non-expert related support personnel whose services are reasonably necessary to assist outside counsel of record in connection with this action;

    d.    Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action (together with their clerical staff);

    e.    The Court, its clerks and employees, and any court reporter retained to record proceedings before the Court in which event such information shall be filed under seal; and

    f.    Any other person as to whom the parties agree in writing.

It shall be the responsibility of Counsel to provide copies of this Protective Order to qualified persons receiving Protected Material, and to maintain compliance with this Protective Order.

15.    <u>Additional Authorized Disclosure</u>

Notwithstanding any other provisions of this Protective Order, Protected Material may be disclosed and copies may be provided:

    a.    To persons who can be shown from the face of the document to have authored, prepared, or received the Protected Material;

    b.    To any other persons with the prior written consent of the party or non-party that designated the Protected Material as "Confidential;"

    c.    To any other persons with the prior authorization of the Court; and

d. To any other persons who have previously seen such Protected Material.

16. <u>Use of Protected Material During Deposition</u>

Notwithstanding any other provision of this Protective Order, Protected Material may be disclosed and used as follows:

a. A Party or present employee of a Party may be examined and may testify concerning all Protected Material produced by that Party;

b. A former employee of a Party may be examined and may testify concerning all Protected Material produced by that Party to which that former employee has knowledge or which pertains to the period or periods of his or her employment.

c. Non-parties may be examined and may testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party (other than through inadvertent disclosure).

**USE OF PROTECTED MATERIAL**

Protected Material may be used as follows:

17. Protected Material, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, and descriptions of such material, shall be held in confidence by the receiving party, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by the Receiving Party to any Party or person not entitled under the terms of this Protective Order to have access to such material, and shall not be used for any purpose other than in connection with this action.

18. Where any Confidential Material, or information derived from Confidential Material is included in any papers filed with the Court, the parties will comply with Federal Rule of Civil Procedure 5.2, or similar state, local federal, or

9
STIPULATED PROTECTIVE ORDER

applicable bankruptcy rules and procedures for filing records under seal. This procedure includes, but is not limited to, a written application by the party seeking to file such Protected Material under seal and a proposed order which shall be presented to the Court along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and Court's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, and bearing the caption of this case and a notice substantially as follows:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
This envelope or container holds Confidential information filed under seal pursuant to a protective order and is not to be opened except by direction of the Court.

19. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the court.

20. This Order shall constitute a standing Order that the above procedure shall apply to all documents and filings in this case, including discovery motions, notwithstanding any contrary language in the Federal Rules of Civil Procedure and/or Federal Rules of Bankruptcy Procedure.

21. Protected Material may be used in testimony at trial, offered into evidence at trial and/or at hearings on motions, used to support or oppose any motion in this action and used to prepare for and conduct discovery in this action subject to the restrictions in this Protective Order.

22. The parties shall provide each other with a list of the other party's Protected Material that the party intends to use at trial, or in connection with any appeal of this action, at such time as the list of exhibits is ordered by the Court to be

exchanged among the parties, except those documents to be used for impeachment purposes. Nothing in this paragraph prevents the use of any documents for impeachment or rebuttal subject to the terms and conditions of this Protective Order. The parties shall then meet and confer regarding the procedures for use of such identified Protected Material at trial and shall move the Court for entry of an appropriate order if required.

23. Nothing in this Protective Order shall affect the admissibility into evidence of Protected Material, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material. This Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of Protective Material, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information. Nothing in this Protective Order shall prevent any designating party from using or disclosing its own Protected Material as it deems appropriate.

24. The designation of Discovery Material as "Confidential" by a Party or the failure by a Party to object to the designation of Discovery Material as "Confidential" shall be not deemed a conclusive determination or admission that such material constitutes a trade secret of the Producing Party.

25. Nothing herein shall be construed to prevent disclosure of Confidential Material if such disclosure is required by law or by order of the Court. However, if another court or administrative agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Order, such party shall promptly notify the party or another person designating the document as Confidential or of the pendency of the subpoena or order and shall not produce the Confidential Material or until the designating party or person has had a reasonable time to object or otherwise to take appropriate steps to protect the Confidential Material.

## RETURN OF DOCUMENTS OR INFORMATION

26. No later than one hundred twenty (120) days after conclusion of this litigation,[1] each Receiving Party or other individuals subject to this Protective Order shall be under an obligation to destroy or return to the designating party any Protected Material subject to this Protective Order that is in his or her possession, custody or control, including all copies thereof. Notice of the destruction or return of any such Protected Material shall be made by Counsel in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, receiving counsel shall be entitled to retain all litigation documents containing Protected Material which become part of the record of this action, including pleadings, briefs, and exhibits.

## RIGHT TO FURTHER RELIEF

27. Nothing in this Protective Order shall abridge the right of any person to seek modification or amendment of this Order from the other Party or the Court.

## RIGHT TO ASSERT OTHER OBJECTIONS

28. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

## SURVIVAL

29. All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties hereto and all non-party recipients of Confidential Material with respect to any

---

[1] As used herein, "conclusion of this litigation" is defined as the date on which this matter is settled by way of enforceable agreement or on which all appeals and rights to appeal have been exhausted, whichever is earlier.

4829-5552-9593.1

dispute regarding the improper use of Protected Material disclosed pursuant to this Protective Order.

### NO WAIVER OF SPECIALLY APPEARING DEFENDANTS' RIGHT TO CHALLENGE JURISDICTION IN THIS COURT

30. Plaintiff acknowledges that at the time of this Order, Defendants have specially appeared in this action and have timely asserted a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), prior to the entry of this Protective Order. Notwithstanding anything to the contrary in this Protective Order, the Parties stipulate and agree that by executing, and agreeing to the entry of, this Protective Order, it shall not be argued that any Party has sought "affirmative relief" in this Court such that any challenge to personal jurisdiction has been abandoned or waived. Furthermore, all Parties to this Agreement stipulate that they shall not propound any discovery in this action until the Court has ruled on Plaintiff's Motion seeking entry of a Protective Order and to conduct merits based discovery, filed on or about October 14, 2018, unless prior to such ruling the Court has denied Defendants' motions to dismiss.

### VIOLATION OF PROTECTIVE ORDER

31. Any intentional violation of this Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

### AMENDMENT OF PROTECTIVE ORDER

32. This Protective Order may be amended by the written stipulation of the parties or by the Court upon a showing of good cause.

### EXECUTION AND COUNTERPARTS

33. This Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature

page of this Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

DATED: October 25, 2018　　　LAW OFFICE OF JEFFREY A. COHEN

By: _s/Jeffrey A. Cohen_
　　　Jeffrey A. Cohen
　　　Attorney for Plaintiff

DATED: October 24, 2018　　　BAKER & HOSTETLER, LLP

By: _s/Michael S. Vitale_
　　　MICHAEL S. VITALE
　　　(Admitted Pro Hac Vice)
　　　2300 SunTrust Center
　　　200 South Orange Avenue
　　　P.O. Box 112
　　　Orlando, FL 32802-0112
　　　Telephone: 407.649.4000
　　　Facsimile: 407.841.0168
　　　Email: mvitale@bakerlaw.com
　　　Counsel for Defendants

# ORDER

Upon consideration of the Stipulated Protective Order submitted by the parties, and good cause appearing therefore, **THE PROTECTIVE ORDER IS HEREBY** entered as an Order of the Court.

DATED: October 26, 2018.

*/s/ John E. McDermott*

~~HONORABLE RONALD S.W. LEW~~
~~UNITED STATES DISTRICT COURT~~
JOHN E. McDERMOTT
UNITED STATES MAGISTRATE JUDGE

///
///